JUSTICE GRAY,
concurring in part and dissenting in part.
I concur in the Court’s opinion on issues two, four and five, specially concur on issue three, and dissent on issue one.
With regard to issue three, relating to the jury instruction on customary practices, I agree with the result the Court reaches but not with all that is said. First, it is important to note that Ganz made no objection to any of the evidence introduced on the customary practices of the USCF. Thus, that evidence was properly before the jury for its consideration. Under that circumstance, it ordinarily would be appropriate to instruct the jury on that theory of the defense, under our usual rules requiring jury instruction on theories of the case supported by the evidence. See Buhr v. Flathead County (1994), 268 Mont. 223, 235, 886 P.2d 381, 388.
However, Ganz argues, the Court determines and I agree, that McCollum, is not authority for the customary practices instruction given here; that case involved the usual situation of industry-wide customary practices used as a factor in determining the negligence of the defendant, a member or constituent part of that industry. The USCF cites to no authority for the proposition that where, as here, the defendant essentially is “the industry’ at issue, it remains appropriate to instruct on that defendant’s customary practices as the relevant industry practices. This is the basis on which I would reverse the District Court on this issue.
I dissent from the Court’s discussion and resolution in issue one that the District Court improperly limited the jurys consideration of “internal USCF documents.” Plaintiff’s Trial Exhibit No. 15, the “Elements of a Safety Guideline,” is — as its very name reflects — an outline for a safety guideline; it is not a substantive guideline. Moreover, the exhibit was neither prepared, nor adopted, by the USCF. Plaintiff’s Trial Exhibit 16, the so-called manual, is denominated as a draft outline. It is neither a final, nor an adopted, outline. Plaintiff’s Trial Exhibit 17 is another draft manual — prepared in *370 sections by different people and never adopted by USCF. I cannot understand how these latter unadopted draft documents can be relevant — as the Court states it — “potentially as an admission that the safety precautions at the Missoula race were inadequate.”
Nor do the cases cited by the Court support its reversal of the District Court’s limiting instruction relating to these exhibits. The issue in both Haines and Cech related to the admissibility of evidence under the Montana Rules of Evidence rather than whether a court abused its discretion by limiting the purposes for which the jury could consider evidence already admitted. In neither case was the document or material at issue in draft or “nonadopted” form. Finally, we determined that the document in Haines was admissible specifically because it was relevant to MPC’s knowledge about the course of action it chose to follow. Here, the “knowledge” aspect of our conclusion in Haines clearly, and properly, was covered by the District Court’s instruction that the exhibits could be considered for the purpose of showing the USCF’s knowledge at the time of the incident at issue.
CHIEF JUSTICE TURNAGE joins in the foregoing.